J-S43019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL ADEBOWALE ODU | |
| Appellant | No. 1795 WDA 2019 |

Appeal from the PCRA Order entered November 7, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0003377-2017

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 21, 2020**

Appellant, Daniel Adebowale Odu, appeals from the November 7, 2019 order of the Court of Common Pleas of Allegheny County, which dismissed his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

The relevant factual and procedural background can be summarized as follows:

> [Appellant] was originally charged with one count of strangulation and three counts of simple assault as a result of two altercations he had with his former girlfriend.  After several continuances, [Appellant] entered into a plea agreement on February 20, 2018, where he agreed to plead guilty to one count of simple assault in exchange for the Commonwealth withdrawing all of the other charges.

PCRA Court Opinion, 6/12/20 at 2.

Prior to accepting Appellant's plea, the trial court colloquied Appellant

as follows:

> Trial Court: Do you understand that by pleading guilty to this charge, you may be in violation of any and all provisions that allow you to reside in this country and that you are entitled to speak with a naturalization immigration attorney before you would enter a plea of guilty to this charge; do you understand that?
>
> Appellant:  Yes.
>
> Trial Court:  Now, you may want to consult with a naturalization immigration attorney, but you are not entitled to have that representation paid by public funds; do you understand that?
>
> Appellant: Yes.
>
> Trial Court: Do you also understand your pleading to this charge may invoke a decision by the Department of Naturalization and Immigration to revoke your status and deport you back to your country of original residence; do you understand that?
>
> Appellant: Yes.
>
> Trial Court: Now, I have to ask you, do you want to take the time to consult with a naturalization immigration lawyer with respect to the penalties that could be imposed upon your plea of guilty to this charge?
>
> [Defense counsel]: He has already done that, Your Honor.
>
> Trial Court: So he is ready to proceed today?
>
> [Defense counsel]: Are you ready to proceed?
>
> Appellant: Yes.
>
> [Defense counsel]:  After speaking with your immigration attorney -- and even I spoke with him -- are you ready to proceed, knowing the consequences of your plea?
>
> Appellant: Yes, sir.

Trial court: Why are you pleading guilty?

Appellant: Because I am.

N.T., Guilty Plea and Sentencing, 2/20/18, at 5-7.

After the trial court accepted Appellant's guilty plea,

[Appellant] was sentenced to a period of probation of eighteen months during which he was to have no contact with his former girlfriend, he was to undergo drug and alcohol evaluations, random drug screening and he was to enroll and complete the Batterers' Intervention Program.

Six days after the entry of his plea, [Appellant] filed a motion to withdraw his plea on the basis that he might be subject to deportation. A hearing on [Appellant]'s motion to withdraw his plea was rescheduled several times in light of his desire to call certain witnesses in support of his contention that his trial counsel was ineffective for advising him to plead guilty when he did not understand the repercussions of his plea and the possibility that he might be deported. Despite giving [Appellant] an opportunity to present these witnesses, he failed to present any witnesses at the time the hearing was scheduled and after arguments were made by counsel, [Appellant]'s motion to withdraw his plea was denied on May 21, 2018. [1]

---

[1] At the May 21, 2018 hearing, "it was established that [Appellant]'s counsel wanted him to talk to an immigration lawyer so that he fully understood the significance of his acceptance of the plea agreement offered to him by the Commonwealth." PCRA Court Opinion, 6/12/20, at 9.

Additionally, at the May 21, 2018 hearing, Appellant's new counsel stated:

Your Honor, when we last left off [at the April 24, 2018 hearing on Appellant's motion to withdraw his plea], there was a point of contention, and that was whether or not my client had spoken with an immigration attorney. Since then, I have found out that [Appellant] did speak with an immigration attorney, although he has not retained him as [c]ounsel. That was Mr. Adam Greenberg.

> On June 7, 2019, [Appellant] filed a petition for post-conviction relief alleging that his trial counsel was ineffective in failing to advise him that his plea of guilty to the charge of simple assault in all likelihood would lead to his deportation. The Commonwealth filed its answer and after a review of the petition for post-conviction relief and the answer filed thereto, this [c]ourt sent its notice of intention to dismiss [Appellant]'s petition and did, in fact, dismiss that petition on November 7, 2019.

PCRA Court Opinion, 6/12/20, at 2-3. Appellant timely appealed to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his brief before us, Appellant raises the following issues for our review: (1) The PCRA court erred "when it failed to adequately explain the reasons for dismissal [of the PCRA petition] in its pre-dismissal notice." Appellant's Brief at 8[2]; and (2) the PCRA court erred in dismissing Appellant's PCRA petition without a hearing when there was a genuine issue of material fact regarding whether he received erroneous legal advice from trial counsel.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine

---

> I spoke with Mr. Greenberg, and he did relate to me that he sent a memo over to [trial counsel] regarding what [Appellant] could plea to in regards to being deported.

N.T., Motion to Withdraw Plea Hearing, 5/21/18, at 2.

[2] The claim raised before us appears more specific than the claim articulated in Appellant's Rule 1925(b) statement. In his 1925(b) statement, Appellant generally attacked the dismissal of the PCRA petition, never explaining what errors the PCRA court made. The PCRA court interpreted the claim as a challenge to Appellant's failure to identify witnesses and provide synopses of their proposed testimony.

whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

> [A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010).

***Spotz***, 84 A.3d at 311-12 (citations modified).

The right to effective assistance extends to the plea process.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted).

"With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

Here, it is undisputed that the parties were fully cognizant that the guilty plea posed risks with regard to Appellant's immigration status. Indeed, Appellant did consult with an immigration attorney, who apparently advised Appellant and trial counsel against taking "some form of simple assault" plea. N.T., Motion to Withdraw Guilty Plea Hearing, 4/24/18, at 5. Despite this advice, Appellant plead guilty to "some form of simple assault" that carries immigration consequences. The current record does not inform as to why Appellant pled guilty despite counsel's advice, especially where plea counsel was not counsel that advised against a plea. While it certainly appears from Appellant's plea colloquy that he understood deportation might be a consequence of pleading guilty, the record does not explain why Appellant proceeded against the advice of his immigration attorney. Without this explanation, the trial court was not in a position to dismiss Appellant's PCRA petition without a hearing on the issue as to whether Appellant knowingly, voluntarily, and intelligently entered into a plea.

In light of the foregoing, it is necessary to determine, at a minimum, whether trial counsel discussed the immigration attorney's memorandum with Appellant and how that nonetheless, led Appellant to accept a plea with deportation consequences. In our opinion, this determination could bear upon whether Appellant's guilty plea was voluntary, knowing, and intelligent. **Barndt**, **supra**. Appellant's second issue raises material fact questions that must be resolved by the PCRA court. We therefore must conclude that the PCRA court abused its discretion in not holding a hearing on Appellant's PCRA petition.[3] **See** Pa.R.Crim.P. 907; **Commonwealth v. Hutchinson**, 25 A.3d 277, 321 (Pa. 2011) ("We have previously made clear that the intent behind these rules [Pa.R.Crim.P. 907 and 909] is to ensure that an evidentiary hearing is held when a PCRA petition raises factual issues that must be resolved.") Accordingly, we remand for the proper factual inquiries.[4]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge King joins this memorandum.

Judge Shogan notes her dissent.

---

[3] In light of our disposition on Appellant's second issue, it is not necessary for us to address Appellant's first issue or to determine whether the issue was properly preserved or stated with the necessary specificity to avoid waiver.

[4] We do not express any opinion as to the merits of Appellant's PCRA. We hold only that the trial court erred in dismissing the petition without a hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/21/2020